CATHERINE BUCKNER v. COMMONWEALTH.

Criminal Law—Evidence—Confession—Competency — Admissibility — Instructions.

It is not error to refuse to instruct the jury that confessions made alone to one witness constitutes the weakest evidence admissible in law. The proof of confessions so made is evidence which should be carefully scanned; but the confessions themselves, if freely made, and satisfactorily proved, are entitled to the greatest weight.

Arrest of Judgment.

A judgment of conviction in a criminal case can be arrested only because the indictment does not charge facts constituting a public offense within the jurisdiction of the court.

APPEAL FROM GREEN CIRCUIT COURT.

January 6, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

It appears from the record that the grand jury returned into court the indictment charging appellant with the commission of the offense for which she was subsequently tried and convicted. The presumption is that it was presented by the foreman. It is not the province of this court to pass upon the sufficiency of the evidence upon which the verdict of the jury was founded.

The circuit court did not err in refusing to instruct the jury that confessions made alone to one witness constituted the weakest evidence admissible in law. The proof of confessions so made is evidence which should be carefully scanned; but the confessions themselves, if freely made, and satisfactorily proved, are entitled to the greatest weight.

Nor did the court err in refusing the second instruction asked for by appellant.

In the first place, the admissibility of the evidence conducing to prove the confessions of the accused was one to be determined by the court. Whilst the jury may consider the circumstances attending the making of confessions, in arriving at a conclusion, as to the weight to which they may be entitled, they can not refuse to con-

sider them altogether when held admissible by the court. In this case the proof of the confessions was not objected to, and in law it could not have been properly excluded from the jury.

The instructions given for the Commonwealth were not objected to, when given, and therefore can not be considered by this court.

The motion in arrest of judgment was necessarily overruled.

A judgment of conviction in a criminal case can be arrested only because the indictment does not charge facts constituting a public offense within the jurisdiction of the court.

In this case appellant was charged with feloniously stealing, taking and carrying away two legal tender notes of specified amounts and values, the property of another, and that the acts were committed in the county of Green. Conceding all this to be true, there can be no doubt that a public offense within the jurisdiction of the Green circuit court was charged, although the grand jury were not able to give the number and series of the stolen notes.

Judgment affirmed.

*Lewis, for appellant.*
*Attorney General, for appellee.*